IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REULE et al., § | |
|     Plaintiffs, § | |
| v. § | Civil Action No. 6:22-cv-00367-JDK |
| § | |
| SKEEN et al., § | |
|     Defendants. § | |

**PLAINTIFFS' SUR-REPLY IN
RESPONSE TO DEFENDANTS LAVOIE AND SKEEN'S REPLY (Dkt. 23)
IN SUPPORT OF THEIR MOTION TO DISMISS**

TO THE HONORABLE JEREMY KERNODLE:

Responding to Defendants LaVoie and Skeen's Reply (Dkt. 23), this Sur-Reply is filed by Plaintiffs Christine Reule, Harriet Nicholson, Rebecca Foster, Jimmy Lee Menifee, Tony Lamar Vann, and the Honorable Madeleine Connor.

LaVoie and Skeen's Reply solidifies that their motion to dismiss is frivolous. Astonishingly, the Reply leaves the entirety of Plaintiffs' attack on their motion to dismiss unchallenged. This suggests that the aim of Defendants' motion to dismiss is merely to create a pretext for taking interlocutory appeal—by raising bogus immunity issues—in order to delay this case. We treat our main objections to Defendants' Reply.

**1.** *The constitutional questions here do not face an "insurmountable mountain of case law."*

Contrary to Defendants' assertions, neither the higher federal courts nor the Texas courts have decided the constitutional questions before this Court. LaVoie and Skeen claim that "[t]he Fifth Circuit, U.S. Supreme Court, and state courts across Texas have repeatedly rejected facial challenges to the vexatious litigant statute...." Dkt. 23 at 5. This statement is highly misleading. The Supreme Court's decision in *Bill Johnson's Restaurants, Inc. v. N.L.R.B.,* 461 U.S. 731

(1983), cited by Defendants at Dkt. 23 at 5, n.3, had nothing to do with a vexatious litigant statute; it concerned meritorious as opposed to unmeritorious suits in the context of labor disputes before the NLRB.  Likewise the Fifth Circuit's decision in *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (5th Cir. 2008), *ibid*., did not concern a vexatious litigant statute. It affirmed a district court's prefiling order, but only after narrowing it and allowing an appeal. In fact Plaintiffs' complaint cites *Baum* for these requirements.  Dkt. 1 ¶58.

It is true that Texas cases have pronounced the Vexatious Litigants statute "constitutional."  Defs. Reply, Dkt. 23 at 5.  But the problem with these cases is that they contain little or no analysis of the actual language in the statute; they do not apply the many theories of constitutionality that have been developing since *Marbury*.  None of the Texas cases address the questions before this Court—whether the statute (1) is unconstitutionally overbroad, going "far beyond any plainly legitimate sweep," Complaint, Dkt. 1 ¶¶128-133; (2) denies due process in specific ways, Dkt. 1 ¶¶134-139; (3) is void for vagueness, Dkt. ¶¶140-146, or has other constitutional infirmities.  There are many reasons for this.  Relatively few vexatious litigant cases are appealed because the "vexatious litigant" must get permission; when they appeal, appellants must address myriad issues besides constitutionality; there is little case law and commentary on the question of constitutionality of these types of statutes; and the Supreme Court of Texas has never taken a case on the matter.

**2.  *Defendants concede that on abstention and <u>Rooker</u> they omitted binding precedent.***

Plaintiffs showed that Defendants' motion to dismiss ignored *Sprint* and *Exxon Mobil*, respectively the leading Supreme Court cases on abstention and *Rooker-Feldman* doctrine. Sp*rint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013); *Exxon Mobil v. Saudi Basic Indus.*, 544 U.S. 280 (2005); *see also* Plaintiffs' Response, Dkt. 20 at 11-12, 14-15.

*Sprint* and *Exxon Mobil* go decidedly against dismissal of this case.  But in their Reply Defendants insistently remain silent on these watershed cases.  Implicitly they concedes that, if *Sprint* and *Exxon Mobil* were applied, Defendants' arguments for abstention and *Rooker-Feldman* would fall.  Again, Defendants were misleading in omitting these binding precedents.

**3.  *Defendants leave unchallenged that the <u>Young</u> exception to sovereign immunity applies.***

Defendants open their Reply with a jumble of *non sequitur* and unrelated theories.  Dkt. 23 at 1.  The Court "lacks jurisdiction," they claim, because Defendants' "lack[] [of] connection to...enforcement...fail[s] to establish waiver of sovereign immunity." *Ibid*.  With those pemises, Defendants conclude illogically that "[t]his lawsuit fits squarely within the abstention doctrines," because Plaintiffs, they say, want to "enjoin both a state court order and the framework of Chapter 11." *Id*.  This is nonsensical.  Enforcement would *contribute* to applying the *Young* exception, but in any event would not "waive" sovereign immunity.

Defendants also claim, implicitly, that if a state's constitutional violations are presented as a "court order" or a statutory "framework," the federal courts are helpless to opine because of "abstention doctrines." *Id*.  This makes no sense.

In any event Defendants cite no place where the complaint or its prayer mentions "enjoining" a Texas order or statutory "framework," and indeed the complaint does not do so.

Defendants next invent their own rule—that unless Plaintiffs show they were unable to raise a constitutional challenge in state court some time ago, federal courts now must abstain. This is just not so. The ability to raise a challenge in state court is one factor, after several others are proved, but it is not a free-standing rule.

**4.** *It is irrelevant to this case that there is no "right" to file a frivolous lawsuit.*

Defendants perseverate on the fact that there is no "right to file" a frivolous lawsuit. Dkt. 23 at 5, 6. Defendants all but ask the Court to conclude that, if there is no "right to file" a frivolous lawsuit, then the Court is barred from evaluating any constitutional infringements the state might impose. This is illogical. In criminal law there is no "right" to commit crimes, but the state is still restricted by the constitution in myriad ways.

Second, Plaintiffs here, and other citizens state wide, have been designated vexatious, with all its burdens, *although they were never found to have filed a frivolous or vexatious lawsuit.* Complaint, Dkt. 1 ¶41. The statute is constructed that way; it simply does not require a finding of frivolousness in order to strip away the right to petition.

In any event, Plaintiffs agree that none of the first amendment rights is absolute and there is no "right" to file a frivolous lawsuit.

**5.** *Defendants appear to defeat relief against Skeen only by intentionally mis-quoting a case.*

Defendants' motion to dismiss claimed that Plaintiffs were "barred" from reaping monetary and injunctive relief against Judge Skeen. Dkt. 14 at 18. (In reality, Plaintiffs claim no damages against Judge Skeen.) In our response to LaVoie and Skeen's motion to dismiss, we objected that Defendants relied on *LaBranche v. Becnel*, 559 Fed. Appx. 290 (5th Cir. 2014), only by intentionally mis-quoting the case. Dkt. 20 at 8. The mis-quotation was obviously

intentional because Defendants quoted the end of a sentence while omitting the beginning of the same sentence. *Ibid.*

The omitted opening phrase voiced the principle that "judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions...." *Id.* This obviously justifies Plaintiffs' claim for injunctive and declaratory relief. But LaVoie and Skeen cut out the opening phrase of the sentence. This makes their use of *LaBranche* not only wrong but sanctionably misleading. If Defendants could have justified this misleading conduct somehow, their Reply would have done so. But it is silent, conceding both the error and the deception.

**6.** ***Plaintiffs correctly show that ruling on permissions is a ministerial, not a judicial act.***

Defendants criticized the complaint on an issue concerning Judge Skeen, and Plaintiffs responded by showing that Judge Skeen's *ruling on permissions* under Chapter 11 is a ministerial, not judicial act. *Ruling* is ministerial; *ruling a certain way* is a discretionary judicial act. *See* Response, Dkt. 20 at 6-7. This is important because judicial immunity protects certain judicial acts (against damages claims), but not ministerial ones. Instead of addressing the point, LaVoie and Skeen's Reply merely repeats their criticism, again apparently conceding this point. Reply, Dkt. 23 at 2. In fact LaVoie and Skeen proceed to quote the Fifth Circuit's *Richardson* decision that "the requested relief [in that case] was impermissible because the injunction 'would control the Secretary in her exercise of discretionary functions.'" *Ibid*. *See Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 241 (5th Cir. 2020).

But this is just as Plaintiffs said; Plaintiffs do not seek to enjoin discretionary acts but ministerial ones. Defendants here are arguing against themselves.

**7.** ***The Ninth Circuit's decision in <u>Wolfe</u> is close enough to be persuasive authority.***

Finally, LaVoie and Skeen complain that the Ninth Circuit's decision in *Wolfe v. Strankman*, 392 F. 3d 358 (9th Cir. 2004) does not show that the representative of the California Judicial Council is comparable to Defendant LaVoie as head of the Office of Court Administration.  But Plaintiffs sufficiently showed the correspondence.  Dkt. 20 at 3-4.  In addition the statutes of the two states describe these offices in a comparable way.

The California statute provides:

> The clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a). The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state.

California Code of Civil Procedure 391.7(f).

The Texas statute provides similarly:

> (a) A clerk of a court shall provide the Office of Court Administration of the Texas Judicial System a copy of any prefiling order issued under Section 11.101 not later than the 30th day after the date the prefiling order is signed.
>
> (b) The Office of Court Administration of the Texas Judicial System shall post on the agency's Internet website a list of vexatious litigants subject to prefiling orders under Section 11.101. On request of a person designated a vexatious litigant, the list shall indicate whether the person designated a vexatious litigant has filed an appeal of that designation.

Texas Civil Practice & Remedies Code Sec. 11.104.

These descriptions show sufficiently similar offices for the purposes of applying *Wolfe*.

## CONCLUSION & PRAYER

Defendants' Reply concedes—or at least does nothing to defeat—Plaintiffs' arguments in opposition to LaVoie and Skeen's motion to dismiss. Their Reply is illogical in the extreme. The conclusions is inescapable that Defendants' motion to dismiss is little more than a pretext for taking interlocutory appeal of claimed immunities in order to delay the case. LaVoie and Skeen's motion to dismiss should summarily be denied.

Respectfully submitted,

| | |
|---|---|
| /s/ John W. Vinson | /s/ Mary Lou Serafine |
| John W. Vinson | Mary Louise Serafine |
| State Bar No. 20590010 | State Bar No. 24048301 |
| John W. Vinson, PLLC | Mary Louise Serafine, Attorney & |
| PO Box 301678 | Counselor at Law |
| Austin, TX 78703 | 3571 Far West Blvd., #3669, Austin, TX 78731 |
| Tel: (512) 926-7380 | Tel: (512) 220-5452 |
| Email: johnvinsonatty@yahoo.com | Email: serafine@mlserafine.com |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 22, 2022, a copy of the foregoing document was served through the Court's CM/ECF system on the counsel below:

David Iglesias
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8, Tyler, Texas  75701
(903) 944-7185   david@iglesiaslawfirm.com
*Attorneys for Defendant District Clerk Penny Clarkston*

Caroline A. Merideth, Assistant Attorney General
P.O. Box 12548, Capitol Station, MC-019, Austin, Texas 78711-2548
(512) 463-2120   caroline.merideth@oag.texas.gov
*Attorneys for Defendants the Honorable Jack Skeen, Jr. and Megan LaVoie*

/s/ Mary Lou Serafine
Mary Louise Serafine
State Bar No. 24048301